**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICKY BEAR and HEATHER BELLER, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>GARY HONEYSUCKLE and WEST )<br>LIVESTOCK TRANSPORTATION, INC., )<br>An Iowa Corporation, )<br>)<br>Defendants. ) | Case No. CIV-05-0710-F |

### ORDER

Before the court is Plaintiffs' Motion to Amend Complaint to Claim Punitive Damages, filed February 8, 2006 (doc. no. 37). Defendants responded to the motion on February 24, 2006, and contemporaneously with that response, filed a Motion to Strike the Affidavit of Heather Beller (doc. no. 43). Although plaintiffs have not had an opportunity to respond to defendants' motion, the court concludes that no response is necessary. Upon due consideration of the parties' submissions, the court finds that plaintiffs' motion should be denied and that defendants' motion should also be denied.

The court held a status and scheduling conference in this case on November 3, 2005. After discussing the matter with counsel, the court set a deadline for filing motions to amend on November 15, 2005. On November 23, 2005, plaintiffs filed a motion to add a Wilshire Insurance Company as a defendant and to amend the complaint to add a claim for punitive damages. In the brief in support of their motion to amend, plaintiffs stated the basis for their motion as "Plaintiffs verily believe that Gary Honeysuckle was either grossly negligent and acted with reckless disregard of

the rights of the plaintiffs, or he was under the influence of drugs at the time of the accident." *See*, Brief in Support of Motion to Amend Complaint (doc. no. 24) at p. 2. On November 28, 2005, the court entered an order striking the motions on the grounds that plaintiffs had failed to comply with LCvR 7.2(k)(1)(2) and paragraphs 1 and 2 of the scheduling order. In the present motion to amend, plaintiffs state:

> Counsel was unable to add a claim for punitive damages before this time as the deposition of Gary Honeysuckle had not been taken until January 27, 2006. At the deposition of Gary Honeysuckle, the details of Mr. Honeysuckle's arrest for possession of methamphetamine were made known to Plaintiffs for the first time . . . Further in this vein, West Livestock should also be held responsible for punitive damages as its owner, Tom West, knowingly hired a driver he knew did not possess a valid drivers license. He also knew that Gary Honeysuckle was a felon convicted of possession of meth while driving a semi-truck, convicted on July 3, 2003. Mr. Honeysuckle testified that West Livestock, by and through Mr. Tom West the owner, knew that the drivers license of Gary Honeysuckle was suspended at the time he hired Mr. Honeysuckle.

*See*, Plaintiffs' Motion to Amend Complaint to Claim Punitive Damages at p. 1.

The decision to grant or deny an amendment under Rule 15(a), Fed. R. Civ. P. lies within the discretion of the trial court. The trial court may deny an amendment if there has been undue delay in seeking to amend the complaint. *See*, Foman v. Davis, 371 U.S. 178, 182 (1962). In this case, the court concludes that plaintiffs' request for leave to amend the complaint to add a punitive damages claim is unduly delayed. Although plaintiffs assert that the details of Mr. Honeysuckle's arrest were first made known to them in Mr. Honeysuckle's deposition, the record shows that plaintiffs had information prior to November 1, 2005 that Mr. Honeysuckle was a drug user and was arrested for possession of methamphetamine in the State of Arkansas while he was driving for West Livestock Transportation. Indeed, in

plaintiffs' motion to compel the attendance of Mr. Honeysuckle at a oral deposition, filed December 8, 2005, plaintiffs represented as follows:

> In the investigation and attempt to locate Honeysuckle, Plaintiff[s] obtained information from a third-party who stated Honeysuckle is a long-time drug user. The party stated his drug of choice is methamphetamine. The party further stated Honeysuckle was arrested and incarcerated in the State of Arkansas for possession of methamphetamine-all while he was driving a cattle truck, a semi-truck and trailer, believed to be owned and/or operated by defendant West Livestock Trucking.

*See*, Plaintiffs' Motion to Compel the Attendance of Gary Honeysuckle at Oral Deposition on December 15, 2005 (doc. no. 27) at p. 2.

The court concludes that plaintiffs had sufficient information to file their motion to amend the complaint to add the punitive damages claim within the deadline established by the scheduling order. The court concludes that plaintiffs' motion is untimely and leave to amend should be denied on that basis. *See*, Hayes v. Whitman, 264 F.3d 1017, 1029 (10th Cir.2001) ("'[W]e have often found untimeliness alone a sufficient reason to deny leave to amend.'") (quoting Viernow v. Euripides Development Corp., 157 F.3d 785, 799 (10th Cir.1998)); *see also*, Las Vegas Ice and Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir.1990) ("Untimeliness alone may be a sufficient basis for denial of leave to amend.")

As to defendants' motion to strike Ms. Beller's affidavit, the court concludes that such motion should be denied as moot. Consideration of Ms. Beller's affidavit was not necessary for the court's ruling.

Accordingly, Plaintiffs' Motion to Amend Complaint to Claim Punitive Damages, filed February 8, 2006 (doc. no. 37), is **DENIED**. Defendants' Motion to

3

Strike the Affidavit of Heather Beller, filed February 24, 2006 (doc. no. 43), is **DENIED** as **MOOT**.

It is so ordered this 1st day of March, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0710p010.wpd